UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

KEITH MCDAY,

                            Plaintiffs,

        -against-

DANIEL MARTUSCELLO; S.O.R.C. ST.
LOUIS; O.R.C. WALKER; COMMISSIONER
DEMOSTHENES; COMMISSIONER
CORLEY; COMMISSIONER SAMUELS;
S.P.O. JOHNSON; P.O. BITO; P.O. KING;
JOHN DOE MILLER; SHILOH CONSULTING
LLC; VERTEX LLC; REVCORE LLC,

                            Defendants.

**ORDER OF SERVICE**

25-CV-03364 (PMH)

PHILIP M. HALPERN, United States District Judge:

Plaintiff, who currently is incarcerated at the Robert N. Davoren Center on Rikers Island, brings this action *pro se*, under 42 U.S.C. § 1983 and the Religious Land Use and Institutionalized Persons Act ("RLUIPA"), alleging Defendants violated his rights. He sues: (1) Daniel Martuscello, the DOCCS Commissioner; (2) Senior Offender Rehabilitation Counselor ("S.O.R.C.") St. Louis; (3) Offender Rehabilitation Counselor ("O.R.C.") Walker; (4) Commissioner Demosthenes, a commissioner for the Parole Board; (5) Commissioner Corley, a commissioner for the Parole Board; (6) Commissioner Samuels, a commissioner for the Parole Board; (7) Senior Parole Officer ("S.P.O.") Johnson; (8) Parole Officer ("P.O.") Bito; (9) P.O. King; (10) John Doe Miller, superintendent at Green Haven Correctional Facility; (11) Shiloh Consulting LLC, a private medical provider; (12) Vertex LLC, a private medical provider; and (13) Revcore LLC, a private medical provider.

By order dated May 1, 2025, the Court granted Plaintiff's request to proceed *in forma pauperis* ("IFP"), that is, without prepayment of fees.[1] For the reasons that follow, the Court: (1) dismisses the claims against Shiloh Consulting LLC, Vertex LLC, and Revcore LLC, for failure to state a claim; (2) revokes Plaintiff's consent to receive electronic service in light of his current incarceration; (3) grants Plaintiff 30 days' leave to amend his complaint; and (4) directs service on the remaining Defendants, all of whom are employed by the New York State Department of Corrections and Community Supervision ("DOCCS").

**BACKGROUND**

Plaintiff alleges the following: In 1993, Plaintiff was convicted of attempted rape, and his maximum expiration date for his sentence for that crime was on March 30, 2000. (ECF No. 1, at ¶¶ 23-24.) Following completion of that sentence, Plaintiff was subsequently convicted of burglary, served a 21-year sentence, and was released to parole supervision on October 11, 2023. (*Id*. at ¶¶ 21-22.) Upon his release to parole supervision from his burglary conviction, "Defendants"—Plaintiff does not specify which one—subjected him to "sex offender conditions of parole, including new restrictions and punishments, by relying on new statutes [and] rules," which Plaintiff contends violated his rights under the Ex Post Facto Clause. (*Id*. at ¶ 25.)

Plaintiff next alleges a violation of his religious liberty. He explains that he is a Christian and has celebrated All Saints' Eve, which falls on October 31, for as long as he can remember. (*Id*. at ¶¶ 26-27.) He alleges that on October 30, 2023, Martuscello, DOCCS, and P.O. Jane Doe (Shield No. 813)[2] "imprisoned Plaintiff, preventing him from practicing his religion." (*Id*. at ¶ 28.) He

---

[1] Prisoners are not exempt from paying the full filing fee even when they have been granted permission to proceed IFP. *See* 28 U.S.C. § 1915(b)(1).

[2] Plaintiff does not identify P.O. Jane Doe (Badge No. 813) as a defendant in either the caption of his complaint or in the body of the complaint.

alleges that in 2024, Martuscello, DOCCS, Johnson, and Bito imprisoned him during All Saints Eve, which he says again prevented him from practicing his religion. (*Id.* at ¶ 29.)

Plaintiff then pivots to the circumstances of his 2023 discharge to parole supervision. He alleges that on October 11, 2023, St. Louis and Walker "knowingly and intentionally made him homeless." (*Id.* at ¶ 32.) Weeks before his October 11, 2023 discharge, and in preparation for an appearance before the Parole Board, Plaintiff provided Walker "with the address of the apartment he owns where he intended to stay if released to parole supervision." (*Id.* at ¶ 33.) But mere days before the October 11, 2023 discharge, Walker told Plaintiff that "he would not be paroled to his home because the information his family had provided regarding his residence had been lost." (*Id.* at ¶ 34.) Walker also told Plaintiff that her supervisor, St. Louis, and DOCCS both had a policy that "all black and [H]ispanic male parolees returning to the New York City area initially must be housed in the New York City shelter system," which Plaintiff contends violated his equal protection and due process rights under the Fourteenth Amendment. (*Id.* at ¶ 35-36.) Plaintiff alleges that he has continued to request that DOCCS approve his request to live at the apartment that he owns but that DOCCS has not responded to these requests. (*Id.* at ¶¶ 38-39.)

Plaintiff next alleges that DOCCS has, as a condition of his parole, unlawfully barred him from communicating with or visiting his incarcerated family members unless DOCCS grants him permission to do so. Plaintiff states that he has made several such requests and that DOCCS, Martuscello, and Bito have refused to respond to any of them. (*Id.* at ¶¶ 40-42.)

Plaintiff also complains of a condition of parole imposed by Demostenes, Samuels, Corley, and Bito that required him to undergo certain treatments and counseling, including sex offender treatment, alcohol abuse treatment, drug abuse treatment, anger management treatment, and mental

3

health treatment. (*Id*. at ¶ 43.) Plaintiff argues that there is no record evidence supporting the need for any of these treatments to be ordered. (*Id*. at ¶¶ 46-48.)

Next, Plaintiff alleges that Martuscello, DOCCS, Demosthenes, Samuels, Corley, Bito, Revcore LLC, Shiloh LLC, and Vertex LLC "engaged in a conspiracy for profit[,] which included ordering Plaintiff McDay to pay for medical services he did not want or need." (*Id*. at ¶ 50.) He asserts that a parole officer threatened to revoke his parole if Plaintiff did not pay for the medical treatment and counseling that were conditions of his parole. (*Id*. at ¶ 51.) He alleges that "there has been no court order or other lawful mandate requiring he participate in and undergo mental health treatment as his expense." (*Id*. at ¶ 52.)

Finally, Plaintiff alleges that on December 6, 2024, King affixed a GPS tracking device to Plaintiff and "curtail[ed] his curfew." (*Id*. at ¶¶ 56-57.)

Plaintiff asserts claims under 42 U.S.C. § 1983 for alleged violations of his rights under the First, Eighth, and Fourteenth Amendments, along with a claim under RLUIPA. He seeks monetary, declaratory, and injunctive relief.

## STANDARD OF REVIEW

The Court must dismiss a complaint, or portion thereof, that is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. §§ 1915(e)(2)(B), 1915A(b); *see Abbas v. Dixon*, 480 F.3d 636, 639 (2d Cir. 2007). The Court must also dismiss a complaint when the Court lacks subject matter jurisdiction. *See* Fed. R. Civ. P. 12(h)(3). While the law mandates dismissal on any of these grounds, the Court is obliged to construe *pro se* pleadings liberally, *Harris v. Mills*, 572 F.3d 66, 72 (2d Cir. 2009), and interpret them to raise the "strongest [claims] that they *suggest*," *Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 474 (2d Cir. 2006) (citation modified).

**DISCUSSION**

**A.    Defendants Shiloh Consulting LLC, Vertex LLC, and Revcore LLC**

Rule 8 of the Federal Rules of Civil Procedure requires a complaint to make a short and plain statement showing that the pleader is entitled to relief. A complaint states a claim for relief if the claim is plausible. *Ashcroft v. Iqbal*, 556 U.S. 662, 678-79 (2009) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). To review a complaint for plausibility, the Court accepts all well-pleaded factual allegations as true and draws all reasonable inferences in the pleader's favor. *Iqbal*, 556 U.S. at 678-79 (citing *Twombly*, 550 U.S. at 555). The Court need not accept, however, "[t]hreadbare recitals of the elements of a cause of action," which are essentially legal conclusions. *Id*. at 678 (citing *Twombly*, 550 U.S. at 555). After separating legal conclusions from well-pleaded factual allegations, the court must determine whether those facts make it plausible – not merely possible – that the pleader is entitled to relief. *Id.*

Plaintiff alleges that Martuscello, DOCCS, Demosthenes, Samuels, Corley, Bito, and as relevant here, Revcore LLC, Shiloh LLC, and Vertex LLC "engaged in a conspiracy for profit[,] which included ordering Plaintiff McDay to pay for medical services he did not want or need." (*Id*. at ¶ 50.) He makes no other allegations against Revcore LLC, Shiloh LLC, and Vertex LLC. The Court construes Plaintiff's claims against these Defendants as arising under both 42 U.S.C. §§ 1983 and 1985.

**1.    Section 1983 Conspiracy**

Section 1983 allows an individual to bring suit against persons who, acting under color of state law, have caused him to be "depriv[ed] of any rights, privileges, or immunities secured by the Constitution and laws of the United States." 42 U.S.C. § 1983; *West v. Atkins*, 487 U.S. 42, 48 (1988). To state a claim for relief under § 1983, a plaintiff must allege both that: (1) a right secured by the Constitution or laws of the United States was violated, and (2) the right was violated by a

person acting under the color of state law, or a "state actor." *West*, 487 U.S. at 48. Accordingly, private parties are generally not held liable under § 1983. *Sykes v. Bank of America*, 723 F.3d 399, 406 (2d Cir. 2013) (citing *Brentwood Acad. v. Tenn. Secondary Sch. Athletic Ass'n*, 531 U.S. 288, 295 (2001)); *see also Ciambriello v. Cnty. of Nassau*, 292 F.3d 307, 323 (2d Cir. 2002) ("[T]he United States Constitution regulates only the Government, not private parties.").

A private person or entity *can* qualify as a state actor under Section 1983 if the link between the state action and the private person's action is so close that the private person's action "may be fairly treated as that of the State itself." *Tancredi v. Metro. Life Ins. Co.*, 378 F.3d 220, 229 (2d Cir. 2004) (quoting *Jackson v. Metro. Edison Co.*, 419 U.S. 345, 351 (1974)); *see also Cranley v. Nat'l Life Ins. Co. of Vt.*, 318 F.3d 105, 112 (2d Cir. 2003) (A "private actor [who] operates as a willful participant in joint activity with the State or its agents" may be considered a state actor) (citation omitted); *Dahlberg v. Becker*, 748 F.2d 85, 93 (2d Cir. 1984) (to constitute joint participation in satisfaction of the state action requirement under § 1983, there must be a "meeting of the minds or intent to conspire" between a private defendant and a state actor).

Plaintiff's Section 1983 claims fail because Defendants Revcore LLC, Shiloh LLC, and Vertex LLC are not "state actor[s]." *See West*, 487 U.S. at 48. Plaintiff has not alleged that any of these Defendants were government agents or otherwise "operate[d] as [ ]willful participant[s] in joint activity with the State or its agents." *See Cranley*, 318 F.3d at 112. Plaintiff also fails to allege in a nonconclusory manner that any of these Defendants conspired with any state actors in performing acts set forth in the complaint. *See Dahlberg*, 748 F.2d at 93. For these reasons, Plaintiff's Section 1983 claims against Defendants Revcore LLC, Shiloh LLC, and Vertex LLC are dismissed for failure to state a claim on which relief can be granted. 28 U.S.C.

§ 1915(e)(2)(B)(ii). The Court grants Plaintiff 30 days' leave to file an amended complaint to detail his Section 1983 conspiracy claims against these Defendants.

### 2.     Section 1985 conspiracy

Similarly, Plaintiff's conspiracy claims against Defendants Revcore LLC, Shiloh LLC, and Vertex LLC under Section 1985(3) must also be dismissed. To state a claim under Section 1985, a plaintiff must allege facts showing: (1) a conspiracy; (2) for the purpose of depriving him of the equal protection of the laws, or the equal privileges or immunities under the laws; (3) an overt act in furtherance of the conspiracy; and (4) an injury to his person or property, or a deprivation of his right or privilege as a citizen of the United States. *Thomas v. Roach*, 165 F.3d 137, 146 (2d Cir. 1999). "[T]he conspiracy must also be motivated by 'some racial or perhaps otherwise class-based, invidious discriminatory animus behind the conspirators' action.'" *Id.* (quoting *Mian v. Donaldson, Lufkin & Jenrette Securities Corp.*, 7 F.3d 1085, 1088 (2d Cir. 1993) (per curiam)). A bare allegation of racial motivation without supporting factual allegations is not sufficient to sustain a cognizable conspiracy claim under Section 1985(3). *Posr v. Court Officer Shield #207*, 180 F.3d 409, 419 (2d Cir. 1999).

As explained above, Plaintiff has not plausibly alleged the existence of a conspiracy between the Defendants Revcore LLC, Shiloh LLC, and Vertex LLC themselves or between them and the DOCCS Defendants. Plaintiff's allegations are conclusory and do not include specific facts demonstrating an agreement among the parties, or race-based or class-based animus. To the extent Plaintiff's allegations against Defendants Revcore LLC, Shiloh LLC, and Vertex LLC are construed as a conspiracy claim under Section 1985, that claim must be dismissed for failure to state a claim on which relief may be granted. 28 U.S.C. § 1915(e)(2)(B)(ii). The Court nevertheless grants Plaintiff 30 days' leave to amend his complaint and detail his Section 1985 conspiracy claims against these Defendants.

**B.      Consent to Receive Electronic Service**

When Plaintiff filed this action, he consented to receive electronic service of filed documents in this action. (ECF No. 3.) Since that time, he has become incarcerated; he is now in the custody of the New York City Department of Correction. (ECF Nos. 6-7.) In order to ensure that Plaintiff is served with filed documents in this case, the Court revokes Plaintiff's consent to electronic service and directs the Clerk of Court to serve Plaintiff at his address reflected on the docket for this case.

**C.      Service on DOCCS Defendants**

Because Plaintiff has been granted permission to proceed IFP, he is entitled to rely on the Court and the U.S. Marshals Service to effect service.[3] *Walker v. Schult*, 717 F.3d. 119, 123 n.6 (2d Cir. 2013); *see also* 28 U.S.C. § 1915(d) ("The officers of the court shall issue and serve all process . . . in [IFP] cases."); Fed. R. Civ. P. 4(c)(3) (the court must order the Marshals Service to serve if the plaintiff is authorized to proceed IFP).

To allow Plaintiff to effect service on Defendants Martuscello, St. Louis, Walker, Demosthenes, Corley, Samuels, Johnson, Bito, King and Miller, through the U.S. Marshals Service, the Clerk of Court is instructed to fill out a U.S. Marshals Service Process Receipt and Return form ("USM-285 form") for these Defendants. The Clerk of Court is further instructed to issue summonses and deliver to the Marshals Service all the paperwork necessary for the Marshals Service to effect service upon these Defendants.

If the complaint is not served within 90 days after the date the summonses are issued, Plaintiff should request an extension of time for service. *See Meilleur v. Strong*, 682 F.3d 56, 63

---

[3] Although Rule 4(m) of the Federal Rules of Civil Procedure generally requires that a summons be served within 90 days of the date the complaint is filed, Plaintiff is proceeding IFP and could not have served summonses and the complaint until the Court reviewed the complaint and ordered that summonses be issued. The Court therefore extends the time to serve until 90 days after the date summonses are issued.

(2d Cir. 2012) (holding that it is the plaintiff's responsibility to request an extension of time for service).

Plaintiff must notify the Court in writing if his address changes, and the Court may dismiss the action if Plaintiff fails to do so.

## D.      Leave to Amend Granted

Plaintiff proceeds in this matter without the benefit of an attorney. District courts generally should grant a self-represented plaintiff an opportunity to amend a complaint to cure its defects, unless amendment would be futile. *See Hill v. Curcione*, 657 F.3d 116, 123-24 (2d Cir. 2011); *Salahuddin v. Cuomo*, 861 F.2d 40, 42 (2d Cir. 1988). Indeed, the Second Circuit has cautioned that district courts "should not dismiss [a *pro se* complaint] without granting leave to amend at least once when a liberal reading of the complaint gives any indication that a valid claim might be stated." *Cuoco v. Moritsugu*, 222 F.3d 99, 112 (2d Cir. 2000) (quoting *Gomez v. USAA Fed. Sav. Bank*, 171 F.3d 794, 795 (2d Cir. 1999)). Because Plaintiff may be able to allege additional facts to state a valid claims under 42 U.S.C. §§ 1983, 1985(3), and 1986, the Court grants Plaintiff 30 days' leave to amend his complaint to detail his claims.

### CONCLUSION

The Court dismisses Plaintiff's claims against Defendants Revcore LLC, Shiloh LLC, and Vertex LLC. *See* 28 U.S.C. § 1915(e)(2)(B)(iii). The Court grants Plaintiff 30 days' leave to amend his complaint to detail his claims against these Defendants. An amended complaint form is attached to this order.

In light of Plaintiff's current incarceration, the Clerk of Court is directed to revoke Plaintiff's consent to receive electronic service and remove his email address from the docket. (ECF No. 3.) The Clerk of Court is further directed to mail Plaintiff at the address provided on the docket.

The Clerk of Court is instructed to issue summonses for Defendants Martuscello, St. Louis, Walker, Demosthenes, Corley, Samuels, Johnson, Bito, King and Miller, complete the USM-285 form with the address for these Defendants, and deliver all documents necessary to effect service to the U.S. Marshals Service.

The Court certifies under 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith, and therefore IFP status is denied for the purpose of an appeal. *Cf. Coppedge v. United States*, 369 U.S. 438, 444– 45 (1962) (holding that appellant demonstrates good faith when seeking review of a nonfrivolous issue).

SO ORDERED.

Dated:    March 26, 2026
          White Plains, New York

_____
          Philip M. Halpern
          United States District Judge

10

**SERVICE ADDRESS FOR EACH DEFENDANT**

1. Daniel Martuscello
   New York State Department of Corrections and Community Supervision
   1220 Washington Avenue
   Building 2, State Campus
   Albany, New York 12226-2050

2. S.O.R.C. St. Louis
   Sing Sing Correctional Facility
   354 Hunter Street
   Ossining, NY 10562

3. O.R.C. Walker
   Sing Sing Correctional Facility
   354 Hunter Street
   Ossining, NY 10562

4. Commissioner Demosthenes
   New York State Department of Corrections and Community Supervision
   1220 Washington Avenue
   Building 2, State Campus
   Albany, New York 12226-2050

5. Commissioner Corley
   New York State Department of Corrections and Community Supervision
   1220 Washington Avenue
   Building 2, State Campus
   Albany, New York 12226-2050

6. Commissioner Samuels
   New York State Department of Corrections and Community Supervision
   1220 Washington Avenue
   Building 2, State Campus
   Albany, New York 12226-2050

7. S.P.O. Johnson
   Sing Sing Correctional Facility
   354 Hunter Street
   Ossining, NY 10562

8. P.O. Bito
   Sing Sing Correctional Facility
   354 Hunter Street
   Ossining, NY 10562

9.      P.O. King
        Sing Sing Correctional Facility
        354 Hunter Street
        Ossining, NY 10562

10.     John Doe Miller
        Green Haven Correctional Facility
        594 NY-216
        Stormville, NY 12582

## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF NEW YORK

_____

Write the full name of each plaintiff.

-against-

_____

_____

_____

_____

Write the full name of each defendant. If you need more space, please write "see attached" in the space above and attach an additional sheet of paper with the full list of names. The names listed above must be identical to those contained in Section II.

_____CV_____

(Include case number if one has been assigned)

## AMENDED

## COMPLAINT

Do you want a jury trial?
☐ Yes     ☐ No

---

**NOTICE**

The public can access electronic court files. For privacy and security reasons, papers filed with the court should therefore *not* contain: an individual's full social security number or full birth date; the full name of a person known to be a minor; or a complete financial account number. A filing may include *only*: the last four digits of a social security number; the year of an individual's birth; a minor's initials; and the last four digits of a financial account number. See Federal Rule of Civil Procedure 5.2.

---

Rev. 2/10/17

## I.   BASIS FOR JURISDICTION

Federal courts are courts of limited jurisdiction (limited power). Generally, only two types of cases can be heard in federal court: cases involving a federal question and cases involving diversity of citizenship of the parties. Under 28 U.S.C. § 1331, a case arising under the United States Constitution or federal laws or treaties is a federal question case. Under 28 U.S.C. § 1332, a case in which a citizen of one State sues a citizen of another State or nation, and the amount in controversy is more than $75,000, is a diversity case. In a diversity case, no defendant may be a citizen of the same State as any plaintiff.

What is the basis for federal-court jurisdiction in your case?

☐   **Federal Question**

☐   **Diversity of Citizenship**

## A.   If you checked Federal Question

Which of your federal constitutional or federal statutory rights have been violated?

_____

_____

_____

_____

## B.   If you checked Diversity of Citizenship

### 1.   Citizenship of the parties

Of what State is each party a citizen?

The plaintiff , _____ , is a citizen of the State of
(Plaintiff's name)

_____
(State in which the person resides and intends to remain.)

or, if not lawfully admitted for permanent residence in the United States, a citizen or subject of the foreign state of

_____ .

If more than one plaintiff is named in the complaint, attach additional pages providing information for each additional plaintiff.

Page 2

If the defendant is an individual:

The defendant, _____, is a citizen of the State of
                    (Defendant's name)

_____

or, if not lawfully admitted for permanent residence in the United States, a citizen or subject of the foreign state of

_____ .

If the defendant is a corporation:

The defendant, _____, is incorporated under the laws of

the State of _____

and has its principal place of business in the State of _____

or is incorporated under the laws of (foreign state) _____

and has its principal place of business in _____ .

If more than one defendant is named in the complaint, attach additional pages providing information for each additional defendant.

## II.  PARTIES

## A.  Plaintiff Information

Provide the following information for each plaintiff named in the complaint. Attach additional pages if needed.

_____

First Name                  Middle Initial              Last Name

_____

Street Address

_____

County, City                               State                  Zip Code

_____

Telephone Number                         Email Address (if available)

Page 3

## B. Defendant Information

To the best of your ability, provide addresses where each defendant may be served. If the correct information is not provided, it could delay or prevent service of the complaint on the defendant. Make sure that the defendants listed below are the same as those listed in the caption. Attach additional pages if needed.

Defendant 1:

First Name                Last Name

Current Job Title (or other identifying information)

Current Work Address (or other address where defendant may be served)

County, City                State                Zip Code

Defendant 2:

First Name                Last Name

Current Job Title (or other identifying information)

Current Work Address (or other address where defendant may be served)

County, City                State                Zip Code

Defendant 3:

First Name                Last Name

Current Job Title (or other identifying information)

Current Work Address (or other address where defendant may be served)

County, City                State                Zip Code

Page 4

Defendant 4:

First Name                     Last Name

Current Job Title (or other identifying information)

Current Work Address (or other address where defendant may be served)

County, City                     State          Zip Code

## III. STATEMENT OF CLAIM

Place(s) of occurrence:

Date(s) of occurrence:

**FACTS:**

State here briefly the FACTS that support your case. Describe what happened, how you were harmed, and what each defendant personally did or failed to do that harmed you. Attach additional pages if needed.

_____

_____

_____

_____

_____

_____

_____

_____

**INJURIES:**

If you were injured as a result of these actions, describe your injuries and what medical treatment, if any, you required and received.

_____

_____

_____

_____

**IV. RELIEF**

State briefly what money damages or other relief you want the court to order.

_____

_____

_____

_____

## V.  PLAINTIFF'S CERTIFICATION AND WARNINGS

By signing below, I certify to the best of my knowledge, information, and belief that: (1) the complaint is not being presented for an improper purpose (such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation); (2) the claims are supported by existing law or by a nonfrivolous argument to change existing law; (3) the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery; and (4) the complaint otherwise complies with the requirements of Federal Rule of Civil Procedure 11.

I agree to notify the Clerk's Office in writing of any changes to my mailing address. I understand that my failure to keep a current address on file with the Clerk's Office may result in the dismissal of my case.

Each Plaintiff must sign and date the complaint. Attach additional pages if necessary. If seeking to proceed without prepayment of fees, each plaintiff must also submit an IFP application.

| | |
|---|---|
| Dated | Plaintiff's Signature |

| | | |
|---|---|---|
| First Name | Middle Initial | Last Name |

| |
|---|
| Street Address |

| | | |
|---|---|---|
| County, City | State | Zip Code |

| | |
|---|---|
| Telephone Number | Email Address (if available) |

I have read the Pro Se (Nonprisoner) Consent to Receive Documents Electronically:

☐ Yes    ☐ No

   If you do consent to receive documents electronically, submit the completed form with your complaint. If you do not consent, please do not attach the form.

Page 7