UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| KEITH MCDAY,<br><br>Plaintiff,<br><br>-against-<br><br>DANIEL MARTUSCELLO, et al.,<br><br>Defendants. | **ORDER**<br><br>25-CV-03364 (PMH) |

PHILIP M. HALPERN, United States District Judge:

Plaintiff Keith McDay, proceeding *pro se* and *in forma pauperis*, commenced this action against Daniel Martuscello, S.O.R.C. St. Louis, O.R.C. Walker, Commissioner Demosthenes, Commissioner Corley, Commissioner Samuels, S.P.O. Johnson, P.O. Bito, P.O. King, John Doe Miller, Shiloh Consulting LLC, Vertex LLC, and Revcore LLC by filing his complaint on April 22, 2025. (Doc. 1).[1] Plaintiff asserts six claims for violations of the First Amendment, Eighth Amendment, Fourteenth Amendment, and the Religious Land Use and Institutionalized Persons Act, 42 U.S.C. § 2000cc *et seq.* (*Id.*). Plaintiff filed three letters dated September 14, 2026, which were docketed on September 21 and 22, 2026, asking to "withdraw my complaint" and "withdraw my claim." (*See* Docs. 34, 35, 37). Defendants responded to Plaintiff's letters on September 25, 2026, stating that they "construe Plaintiff's letters as a notice of voluntary dismissal of the entire action pursuant to Federal Rule of Civil Procedure 41(a)(1)(A)(i)" and consenting to the voluntary dismissal. (Doc. 38).

To date, no defendants have answered the complaint or filed a motion for summary judgment. *See* Fed. R. Civ. P. 41(a)(1(A)(i). The Court therefore construes Plaintiff's letters as

[1] The Court dismissed Defendants Revcore LLC, Shiloh LLC, and Vertex LLC pursuant to 28 U.S.C. § 1915(e)(2)(B)(iii) by order dated March 26, 2026. (*See* Doc. 9).

notice of dismissal pursuant to Federal Rule of Civil Procedure 41(a)(1)(A)(i). *See, e.g.*, *McRae v. Lee*, No. 15-CV-06009, 2018 U.S. Dist. LEXIS 201735, at *1-2 (W.D.N.Y. Nov. 27, 2018) ("In accordance with its duty to liberally construe *pro se* submissions, the Court interprets Plaintiff's letter request as seeking voluntary dismissal of his cases pursuant to Federal Rule of Civil Procedure 41." (citations omitted)).

Accordingly, this action is dismissed without prejudice pursuant to Federal Rule of Civil Procedure 41(a)(1)(A)(i). The Clerk of Court is respectfully directed to close this case.

The Court certifies under 28 U.S.C. § 1915(a)(3) that any appeal from this Order would not be taken in good faith and therefore IFP status is denied for the purpose of an appeal. *See Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

**SO ORDERED.**

Dated: September 25, 2026
White Plains, New York

HON. PHILIP M. HALPERN
United States District Judge